IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO OSBORNE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2341-D |
| | § | |
| MARK MOELLER, ET AL. | § | |
| | § | |
| Defendants. | § | |

**SUPPLEMENTAL FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Antonio Osborne, appearing *pro se*, has filed a pleading that the district judge has construed as a motion for leave to amend. *See* Order, 5/18/10. Because plaintiff has not yet amended his complaint and no responsive pleading has been filed, he may amend his complaint once as a matter of course without obtaining leave of court. *See* FED. R. CIV. P. 15(a)(1). Accordingly, plaintiff's motion for leave to amend is denied as unnecessary.

In his amended complaint, plaintiff dismisses his claims against Rockwall County Prosecutor D. Sangermano and Judge Brett Hall, and adds new claims against Rockwall Police Chief Mark Moeller and attorney Wayne D. Lacy. Plaintiff alleges that Moeller violated his civil rights by failing to acknowledge or respond to two letters complaining about Rockwall Police Officer J. Ellis. However, the failure to investigate or respond to a grievance is not actionable under 42 U.S.C. § 1983. *See Lewis v. Cotton*, No. 3-08-CV-2293-N, 2009 WL 1228482 at *2 (N.D. Tex. May 4, 2009), *citing Amir-Sharif v. Valdez*, No. 3-06-CV-2258-P, 2007 WL 1791266 at *2 (N.D. Tex. Jun. 6, 2007). Plaintiff also asserts a legal malpractice claim against Lacy, his former attorney. "Legal malpractice has traditionally been the domain of state law" and, as such, does not give rise to federal

subject matter jurisdiction. *See Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008). Because plaintiff has failed to state a cognizable claim against either Moeller or Lacy, his amended complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 21, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent plaintiff attempts to reurge any of the claims alleged in his original complaint, those claims are subject to summary dismissal for the reasons stated in the April 14, 2010 Findings and Recommendation of the United States Magistrate Judge.