IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIO OSBORNE, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:09-CV-2341-D |
| VS. § | |
| § | |
| MARK MOELLER, et al., § | |
| § | |
| Defendants. § | |

**<u>ORDER</u>**

After making an independent review of the pleadings, files, and records in this case, the April 14, 2010 findings and recommendation of the magistrate judge, and the May 21, 2010 supplemental findings and recommendation of the magistrate judge, and having considered plaintiff's objections filed on July 13, 2010, the court concludes that the findings and conclusions, as supplemented, are correct and are therefore adopted. Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2) by judgment filed today.

In his objections, plaintiff appears to drop his claims against Wayne Lacy, his defense attorney. P. Objs. 1. As to the remaining defendant, Chief of Police Mark Moeller ("Chief Moeller"), he appears to attempt to state a claim against him in his individual capacity based on a failure to train, supervise, or control subordinates under his authority, and on the basis that he condoned the internal investigation regarding plaintiff's complaint and letters. *Id.* at 2. Plaintiff also appears to attempt to state a claim against Chief Moeller in his official capacity based on a policy or custom. *Id.* at 3-4. Even had these allegations been made in plaintiff's complaint or amended complaint rather than in his objections, they are too conclusory to satisfy the pleading standard that requires that plaintiff plead a plausible claim against Chief Moeller in his individual or official

capacity. While "the pleadings standard [that Fed. R. Civ. P. 8] announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Ashcroft v. Iqbal*, ____ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plaintiff has not met this standard in his complaint and amended complaint. And even if his objections qualified as an amended complaint, they do not satisfy this standard.

Plaintiff filed on May 4, 2010 a motion to produce and a motion to dismiss. Those motions are denied for the reasons stated in the court's May 18, 2010 order and the magistrate judge's May 21, 2010 supplemental findings and recommendation.

On May 20, 2010 plaintiff filed a motion request to amend judgment. That motion is denied for the reasons stated in the court's May 18, 2010 order and the magistrate judge's May 21, 2010 supplemental findings and recommendation, and because the court has considered plaintiff's amended claims, as set forth in his May 20, 2010 pleading, in dismissing his case under 28 U.S.C. § 1915(e)(2).

Plaintiff also filed requests for production of documents on June 14, 2010 and July 13, 2010. These documents are addressed to defendants and need not be ruled on by the court before entering

judgment.

**SO ORDERED**.

July 22, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE